# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VINCENT M. MANI,
  Appellant,

  v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
  Agency.

DOCKET NUMBER
DC-0752-19-0577-I-3

DATE: January 31, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vincent M. Mani, Palmyra, Virginia, pro se.

Andrea M. Downing, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal**.**  On petition for review, the appellant argues that the administrative judge was biased and hostile towards him and conducted an unfair hearing.  Petition for Review (PFR) File, Tab 1 at 4-6.  Additionally, he disputes

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the administrative judge's findings sustaining the merits of the agency's charges.[2] *Id.* at 7-13. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The fact that an administrative judge has ruled against a party in the past, or mere conclusory statements of bias, do not provide sufficient bases for disqualification. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 281 (1991). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358,

---

[2] The appellant also attached approximately 80 pages of documents to his petition for review. PFR File, Tab 1 at 14-95. The documents attached to the petition for review are already contained in the record as part of the appellant's prehearing submissions. *Mani v. Department of Health & Human Services*, DC-0752-19-0577-I-3, Appeal File (I-3 AF), Tab 16, Tab 25 at 4-14.

1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, [510 U.S. 540](#), 555 (1994)).

¶3        We find no evidence in the record to suggest that the administrative judge exhibited any antagonism towards the appellant. To the contrary, the record demonstrates that the administrative judge treated the appellant fairly throughout the adjudication of his appeal and provided him with a high degree of leniency as is appropriate for a pro se appellant. There was nothing improper, for example, in the administrative judge disallowing individuals as witnesses when the appellant could not set forth the relevancy of their expected testimony or expecting the appellant to present his case challenging the agency witnesses during cross-examination of those witnesses.[3] Furthermore, we find that the administrative judge's findings are well reasoned, supported by the record, and in accordance with the law. Accordingly, we discern no basis to disturb them.[4]

---

[3] Contrary to the appellant's claims, the administrative judge did not reject his prehearing exhibits or prevent him from using them during the hearing. PFR File, Tab 1 at 4-5. However, in the initial decision, the administrative judge explained that he did not consider the parties' prehearing exhibits unless they were moved into the record at the hearing. I-3 AF, Tab 41, Initial Decision (ID) at 31 n.26. An administrative judge must consider all relevant evidence, whether it was offered at the hearing or transmitted as part of the administrative record. *See Woodward v. Office of Personnel Management*, [74 M.S.P.R. 389](#), 399 (1997) (stating that an administrative judge must consider de novo all relevant evidence presented by both parties, whether offered at the hearing or transmitted as part of the administrative record). Nevertheless, upon review of the appellant's prehearing submissions, which included email communications with various agency personnel, doctor's notes, performance appraisals, and written summaries of his arguments and requested remedies, we do not find that these documents contradict or undermine the administrative judge's findings. I-3 AF, Tabs 16-25. Furthermore, while the appellant argues in general terms that the exhibits should have been considered, he fails to identify any document that, had the administrative judge considered it, would have resulted in a different outcome. PFR File, Tab 1 at 4-13. Therefore, the adjudicatory error was not prejudicial to the appellant's substantive rights and provides no basis to reverse the initial decision. *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] After the issuance of the initial decision, the Board issued its decision in *Pridgen v. Office of Management and Budget*, [2022 MSPB 31](#), addressing, among other things, the

*Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

analytical framework for disability discrimination claims. The administrative judge applied the correct legal standard, i.e., the mixed motive analysis, to the appellant's claim. IAF, Tab 41, Initial Decision (ID) at 43-44. Moreover, the administrative judge correctly found that the appellant failed to show that his disabilities were a motivating factor in the decision to remove him, noting that his "conclusory assertions are woefully insufficient" to meet the necessary standard. ID at 45. We also agree with the administrative judge that the appellant did not prove his claim that the agency failed to reasonably accommodate him. ID at 46. In sum, there is no basis to disturb the initial decision.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                       _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.